﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 191219-50554
DATE: June 29, 2020

ORDER

Entitlement to service connection for gout, bilateral feet is denied.

FINDING OF FACT

The Veteran’s gout, bilateral feet is not causally or etiologically due to service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for gout, bilateral feet have not been met. 38 U.S.C. §§ 1110, 1112, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1990 to August 1990 and from January 2003 to April 2004. 

In June 2019, the Veteran requested a higher level review of his June 2019 rating decision, that denied service connection for gout, in the Appeals Modernization Act (AMA) review system. Upon review, the RO determined there was a duty to assist error and ordered additional development before issuing a decision. 

Considering the new evidence, the RO issued a rating decision in November 2019 that again denied service connection for gout. In December 2019, the Veteran filed a notice of disagreement in which he requested direct review. 

As this is a Direct Review appeal under the AMA, the record closed on the date of notice (November 25, 2019) of the November 2019 rating decision. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of service connection for gout, bilateral feet it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Generally, to establish service connection a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Davidson v. Shinseki, 581 F.3d 1313, 131516 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Entitlement to service connection for gout, bilateral feet.

The AOJ found that the Veteran has a current diagnosis of gout. Service treatment records show the Veteran complained of heel pain in February 2004, and noted foot trouble on his March 2004 report of medical history. The AOJ also found that the Veteran complained of heel pain in June 2004. X-rays of the left heel were normal. 

The Veteran was afforded a VA examination in September 2019. The Veteran reported the onset of his condition in 2003 and that the onset of pain and swelling of both feet occurred during deployment; he was later diagnosed with gout after service. He complained of chronic daily aching pain of both feet, frequent swelling, and throbbing pain of the big toes during gout flare ups. He experienced 1-2 gout flare ups per month on average with throbbing pain and swelling of the great toes of both feet. The examiner opined that it is less likely than not that the Veteran’s gout is related to service. The rationale he provided was that there are no records of treatment or diagnosis of gout in service. The examiner considered the Veteran’s complaints of occasional heel pain in 2004. He opined that heel pain in 2004 is not consistent with the Veteran’s current gout. The Veteran currently has gout with pain and swelling of the great toes. The examiner maintained that there is not enough evidence to support that the current gout of the feet is due to service.

The Board finds that the September 2019 VA opinion is adequate and dispositive of the nexus question presented in this case because it is based on a review of the file, examination of the Veteran, and supported by a rationale based on sound medical principles. The only other opinion in this matter comes from the Veteran. The Board recognizes that there are instances in which a layperson may be competent to offer testimony on medical matters, such as describing symptoms observable to the naked eye or even diagnosing simple conditions. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Board finds, however, that the question posed by this claim is of such complexity as to require that individuals who provide competent medical evidence on this matter possess a level of expertise that a layperson simply does not possess. Importantly, the Veteran’s current contention that his condition had its onset during service is not credible because it is inconsistent with the evidence contemporaneous to service which the Board finds more reliable and therefore more probative due to its proximity to service. The Veteran’s in-service complaints are not consistent with gout according to the medical examiner. Moreover, given the fact that the Veteran was seen in service for foot complaints, the Board may reasonably infer that had the Veteran also been suffering from gout, complaints consistent with gout would have been documented as well at some point during his service. See Fountain v. McDonald, 27 Vet. App. 258, 272 (2015) ("[T]he Board must first establish a proper foundation for drawing inferences against a claimant from an absence of documentation."). Thus, the absence of such evidence goes against the contention that the Veteran’s gout had its onset in service. Accordingly, service connection on a direct basis is not warranted. 

There is also no persuasive medical evidence or persuasive credible lay evidence that the Veteran's claimed disorder manifested to a compensable degree within a year of his separation from service or had its onset in service and continued ever since service. Therefore, service connection based on presumptive service connection for a chronic disease or based on a theory of continuity of symptomatology is not warranted. 

As the preponderance of the evidence is against the claim, the benefit-of-the-doubt rule does not apply and the benefit sought on appeal is accordingly denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.